THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

CURT FRANCIS,

    Debtor.

_____/

CASE NO. 19-18079 LMI

CHAPTER 7

STUART R. KALB, TRUSTEE,

    Plaintiff,

vs.

CURT FRANCIS,

    Defendant.

_____/

ADV. CASE No. _____

**ADVERSARY COMPLAINT FOR: 1) DETERMINATION THAT THE DEBTOR'S OBLIGATION IS NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523; and 2) SEEKING THE DENIAL OF DEBTOR'S DISCHAGE PURSUANT TO 11 U.S.C. §727**

Plaintiff, Stuart R. Kalb, Trustee under Judgment Purchase Trustee ("Plaintiff") sues Defendant, Curt Francis ("Debtor" or "Defendant"), and alleges:

**NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE**

**Nature of the Action**.

1. This is an action seeking a determination that the debt owed by the Debtor to the Plaintiff is non-dischargeable pursuant to 11 U.S.C. §523, and seeking the denial of the Debtor's discharge pursuant to 11 U.S.C. § 727

**Parties**

2. Plaintiff, is the trustee under a Judgment Purchase Trust which holds a judgment against the Debtor.

1

3. Debtor is an individual, who is currently incarcerated with the Federal Bureau of Prisons, and who resided in the Southern District of Florida prior to his incarceration.

### Jurisdiction

4. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 157(a) and (b) and §1334(b).

5. This is a core proceeding for which the Court is authorized to determine all matters regarding this case in accordance with 28 U.S.C. §157(b)(2)(A),(E),(H),(J) and (O).

6. All conditions precedent to the filing of this action have occurred, have been performed, or have been waived.

### Venue

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

### GENERAL ALLEGATIONS

8. Prepetition, Debtor had been a real estate broker licensed with the State of Florida, however, after numerous complaints, his license was revoked by the Florida Department of Business and Professional Regulation on September 17, 2014. Notwithstanding the revocation, the Debtor continued to hold himself out as a real estate broker and maintained an office located at 16921 NE 6th Avenue, North Miami, Florida.

9. On or about December 18, 2014, Willy Ambroise ("Ambroise")[1] was attempting to purchase a home for himself and his family. Mr. Ambroise was unsophisticated and was easy prey for the Debtor who had a long history of real estate scams. The Debtor convinced Ambroise to enter into a contract for the purchase and sale

---

[1] Mr. Ambroise retains a beneficial interest in the Judgment.

2

of certain real property located at 440 N.E. 145th Street, Miami, Florida, pursuant to which he deposited the total sum of $11,050 with the Debtor who acted as the escrow agent for the Transaction.

10. Also, unbeknownst to the unsuspecting Mr. Ambroise, on October 31, 2014, the Debtor had been arrested and charged with grand theft and occupational license fraud in state court in Broward County, Florida.

11. At the time of the purported contract, the real property which the Debtor attempted to "sell" to Mr. Ambroise was in the final stages of a foreclosure action that had been filed prior to the transaction. The balance due on the mortgage was substantially more than the alleged "sale price" and the transaction never closed.

12. Mr. Ambroise made repeated demands seeking the return of his deposit and ultimately the Debtor delivered a check payable to Mr. Ambroise in the amount of $12,000 marked refund. On several occasions, Mr. Ambroise attempted to negotiate the check at the issuing bank, Bank of America, which refused payment on the check since there were insufficient funds in the account.

13. On January 14, 2016, counsel for Mr. Ambroise made a written demand upon the Debtor via certified mail advising the Debtor that his continued failure to return the escrow deposit **constituted civil theft** pursuant to Florida Statute 772.11 and further advising the Debtor that he would be liable for treble damages and attorney's fees.

14. The Debtor failed and refused to return the escrow deposit and on March 1, 2016, Ambroise filed a single count complaint seeking damages for civil theft against the Debtor in the circuit court of the eleventh judicial circuit in and for Miami-Dade County, Florida. (the "State Court Action").

15. On April 28, 2016, a final judgment was entered in the State Court Action against the Debtor. (the "Judgment").

16. After the Mr. Ambroise was unsuccessful in collecting upon his judgment for several years, it was assigned to a judgment collection trust. The Plaintiff is the trustee of that trust.

17. The Plaintiff commenced enforcement of the Judgment in the State Court action against various real and personal properties of the Debtor. In order to avoid payment of the Judgment, the Debtor engaged in various schemes transferring property to family members.

18. While, the Plaintiff was attempting to collect upon the Judgment, it was discovered that on September 13, 2018, the Debtor had been indicted and charged with mail fraud, bank fraud, and wire fraud in the matter of *USA v. Williams et al*, Case No. 18-cr-80185 WPD (S.D. Fla. 2018). The Debtor pleaded guilty and was immediately remanded into custody at his sentencing hearing on January 16, 2019.

19. On June 6, 2019, various family members of the Debtor were impleaded as defendants in the State Court action.

20. On June 18, 2019, (the 'Petition Date") the Debtor filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code.

21. The Debtor's bankruptcy Schedules and Statement of Financial Affairs were filed **under penalty of perjury** on the Petition Date.

22. A review of the Schedules clearly and unequivocally evidences that they are replete with material omissions, misstatements, otherwise fraudulent and intentionally misleading.

23.     The Debtor's first blatant false statement is contained on Question 9 of his Voluntary Petition, which asks if he has filed bankruptcy in the past 8 years. In fact, the Debtor filed 2 other bankruptcy petitions in this District within the applicable time period:

    a.     13-179260-JKO – Chapter 13 – Filed April 8, 2013

    b.     14-32758-JKO – Chapter 13 – Filed October 9, 2014

24.     On Schedule A/B, the Debtor lists 2 parcels of real property: 16921 NE 6th Avenue, Miami, Florida and 6699 SW 137th Court, Miami, Florida. On the Petition Date, the Debtor owned neither property. Indeed, the Debtor was well aware that these properties were sold by the Miami Dade County Sheriff on December 18, 2018[2].

25.     Similarly, the Debtor lists a 2010 BWM automobile in Part 2 of Schedule A/B. The Debtor is likewise aware that the subject automobile was sold prepetition.

26.     While, listing property he did not own, the Debtor failed to disclose on Schedule A/B his 1/3 remainder interest in the real property located at 260 NE 130th Street, Miami, Florida.

27.     On SOFA question 8, the Debtor failed to disclose the transfer to his sister, Frances Cheri, on March 22, 2019, of his ½ interest in real property located at 2918 Funston Street, Hollywood, Florida.

28.     The Debtor's most glaring omissions are contained on part 11 of SOFA where he failed to list his interest in the following entities:

    a.     CPJ Cable, LLC.

    b.     My Own Properties Corp.

---

[2] The Debtor attempted to stay the sale, abate and vacate the sale all of which were denied in the State Court action. The Debtor then appealed; the appeal was dismissed.

5

    **c.**    CPJ Properties, LLC.

    **d.**    Bella Burlesque, LLC.

    **e.**    Elite Real Estate 2000, Corp.

    **f.**    CF & AF, Inc.

    **g.**    The Posh Group of Miami, LLC.

    **h.**    Buz A Home, LLC.

    **i.**    The Creative Cartel, LLC.

    **j.**    Nuff Hair, LLC.

    **k.**    CPJ Communications, LLC.

    **l.**    Golden Touch Realty & Investment Corp.

    **m.**    Rapid Car Rental, LLC.

    **n.**    On Time Restoration, LLC.

    **o.**    Fantasy Gold, LLC.

29. The Debtor also failed to schedule his interest in 1465 NW 111th Street, Miami, Florida which provides rental income to the Debtor.

**COUNT I – Denial of Discharge Per 11 U.S.C. §§727(a)(4)(A) and (D)**

30. Paragraphs 1-29 (and all subparts) are herein re-alleged and re-averred as if fully set forth herein.

31. Debtor has knowingly and fraudulently, in or in connection with this bankruptcy case, made a false oath or account and withheld recorded information relating to the Debtor's property or financial affairs from the Trustee, as an officer of the Estate entitled to possession.

32. The above-stated matters are non-exclusive examples of such false oaths and withholding of recorded information relating to the Debtor's property or financial affairs.

33. As such, the Debtor is not entitled to a bankruptcy discharge.

WHEREFORE, the Plaintiff demands judgment in his favor and against the Debtor, and for such other and further relief this Court deems equitable and just.

**COUNT II – Exception to Discharge Pursuant to 11 U.S.C. § 523(a)(2)(A).**

34. Paragraphs 1-29 (and all subparts) are herein re-alleged and re-averred as if fully set forth herein.

35. By virtue of the Debtor's actions, the Debtor obtained money from the Plaintiff through the use of false statements, false pretenses and/or actual fraud.

WHEREFORE, it is respectfully requested that the debt owed to the Plaintiff be excepted from discharge.

**COUNT III – Exception to Discharge Pursuant to 11 U.S.C. § 523(a)(2)(4).**

36. Paragraphs 1-29 (and all subparts) are herein re-alleged and re-averred as if fully set forth herein.

37. The Debtor committed fraud while acting in a fiduciary capacity of the Plaintiff, embezzled funds and committed larceny.

WHEREFORE, it is respectfully requested that the debt owed to the Plaintiff be excepted from discharge

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States Bankruptcy

Court for the Southern District of Florida, and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was furnished by United States mail to all parties on the attached Service List and electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record and via United States mail to:

**Curt Douglas Francis**
#19163104
FPC Pensacola
POB 3949
Pensacola, FL 32516

                            Respectfully submitted,

                            **RONIEL RODRIGUEZ, IV, P.A.**
                            Counsel for Creditor
                            12555 Biscayne Boulevard, #915,
                            North Miami, FL  33181
                            Phone: 305-773-4875
                            Fax: 305-359-5196
                            Email: Ron@RJRfirm.com
                             /s/ Roniel Rodriguez, IV
                              RONIEL RODRIGUEZ IV
                              Fla. Bar No.: 544787